(109 So. 921)

No. 25973.

## WHITE v. GRANT TIMBER & MFG. CO.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**Logs and logging** ⬥⇒8(5).

Evidence *held* not to show that defendant agreed to employ plaintiff to cut, haul, and deliver all timber on certain land.

Appeal from Thirteenth Judicial District Court, Parish of Grant; J. A. Williams, Judge.

Action by William F. White against the Grant Timber & Manufacturing Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Moss & Peters, of Winnfield, for appellant.

A. L. Burford, of Texarkana, Ark., and White, Holloman & White, of Alexandria, for appellee.

ST. PAUL, J. Plaintiff alleges that he had a contract with defendant to cut, haul, and deliver *all* the timber on a certain section of land (No. 30, in township 8 north, range 2 west), but was discharged without being allowed to complete the same. He therefore sues for the profits which he would have made had he been allowed to do so.

The defense is that there was *no such contract;* that plaintiff was merely employed to cut, haul, and deliver timber from said section, at so much per thousand feet, as long as defendant might require his services, and was paid in full for all timber cut, hauled, and delivered by him until he was discharged.

The only witness who testifies that the contract was to cut, haul, and deliver *all* the timber on said section is plaintiff himself. The only two other persons who were present when the alleged contract was made were one Will Irwin, a witness called by plaintiff, and J. G. Pope, the vice president of the defendant company, with whom the said contract is alleged to have been made. They both testify that it was distinctly understood that plaintiff might be laid off whenever defendant might think fit to do so. The evidence further shows that defendant had never, either before or since, made any other contract with reference to its logging business than just such contract as testified to by these two witnesses. It further shows that at the time plaintiff was discharged he made no protest whatever against being laid off, nor pretense that he had any right to continue the work, and that it was only several months afterwards that this suit was thought of.

The trial judge found for the defendant, and his judgment appears to us correct.

Decree.

The judgment appealed from is therefore affirmed.